246 P.3d 94 (2011)
240 Or. App. 378
In the Matter of the Compensation of Michael J. Terleski, Claimant.
SAIF CORPORATION and Harry Drury Painting, Petitioners,
v.
Michael J. TERLESKI, Respondent.
0802796, 0802318; A142784.
Court of Appeals of Oregon.
Argued and Submitted September 28, 2010.
Decided January 12, 2011.
*95 David L. Runner, Salem, argued the cause and filed the briefs for petitioners.
Bennett P. Dalton argued the cause for respondent. With him on the brief was Guinn & Munns.
Before ORTEGA, Presiding Judge, and SERCOMBE, Judge, and LANDAU, Judge Pro Tempore.
SERCOMBE, J.
Employer seeks review of an order of the Workers' Compensation Board upholding an award of permanent impairment and associated work disability for instability in claimant's wrist. Employer contends that the administrative rules of the Department of Consumer and Business Services do not provide for a separate impairment award for wrist instability and that the board exceeded its authority. We conclude that the board erred and reverse and remand.
The facts are largely undisputed. Claimant broke both arms and suffered other injuries when he fell from a ladder while working for employer as a painter. SAIF accepted a claim and, after treatment including surgeries, SAIF awarded claimant 10 percent whole person impairment due to loss of range of motion and 18 percent work disability.
Claimant requested reconsideration and the appointment of a medical arbiter. The medical arbiter, Dr. Heusch, noted loss of range of motion in both wrists, due entirely to the accepted condition. Heusch found further that claimant was significantly limited in his ability to repetitively use both wrists and that claimant had severe instability of the left wrist.
After receiving Heusch's report, the department's Appellate Review Unit (ARU) awarded claimant 45 percent impairment for a "chronic condition" and for left wrist instability pursuant to OAR XXX-XXX-XXXX(3), which provides impairment values for "joint instability" in the "fingers(s), thumb or hand." The order on reconsideration awarded claimant 27 percent whole person impairment.
Employer requested a hearing, and the administrative law judge (ALJ) modified the order on reconsideration, reinstating employer's award of 10 percent whole person impairment. The ALJ reasoned that it was not appropriate to rate impairment for wrist instability under OAR XXX-XXX-XXXX(3). That rule, the ALJ explained, provides for rating of impairment only for joint instability in the fingers, thumb, or hand, and the wrist is not a part of the hand. Therefore, the ALJ concluded, claimant was not entitled to an impairment value for his left wrist instability. The ALJ explained further that impairment associated with instability in the forearm is compensated by a value for a chronic condition for the forearm under OAR XXX-XXX-XXXX(1)(c) and that, because claimant *96 had received an impairment value for a chronic condition of the wrist, he had been appropriately compensated.
On claimant's appeal, the board disagreed. The board first noted that, as the party seeking to modify the order on reconsideration, SAIF bears the burden of establishing error in the reconsideration process. Marvin Wood Products v. Callow, 171 Or.App. 175, 183-84, 14 P.3d 686 (2000). The board explained that the ARU acts on behalf of the Director of the Department of Consumer and Business Services when it interprets the department's administrative rules and that the director's interpretation is entitled to deference. The board concluded that the director's interpretation, through the ARU, that instability of the wrist is instability in the "hand," for purposes of OAR XXX-XXX-XXXX(3), is plausible in light of the context of the rule.[1]
The board rejected SAIF's contention that Heusch's observation that claimant's distal left ulnaa part of the forearmwas "able to be subluxed volarly" establishes that claimant's instability resides in the "forearm" rather than in the "hand." The board explained that Heusch's observation referring to the anatomy of the forearm did not necessarily state that the instability was in the forearm. Rather, the board interpreted Heusch's statement to refer to instability in the left wrist, which, the board reasoned, the director had interpreted (through the ARU) to be encompassed within OAR XXX-XXX-XXXX(3).
On review, SAIF contends that the board should not have deferred to the ARU's interpretation that OAR XXX-XXX-XXXX(3) encompasses instability of the wrist, because the rule on its face only authorizes an impairment value for joint instability in the specific joints listed"the finger(s), thumb or hand." In SAIF's view, because the only instability identified by medical opinion in this case was at the end of the ulna in the distal radial-ulnar joint, which is in the wrist and not part of the hand, the rule does not authorize an impairment value. SAIF further contends that the award for chronic condition impairment pursuant to OAR XXX-XXX-XXXX adequately compensates claimant for his wrist instability.
Claimant counters that the board correctly held that the ARU's interpretation of the director's rule is plausible. Claimant contends, further, that, if OAR XXX-XXX-XXXX(3) does not encompass instability in claimant's wrist and the award must be therefore reduced, then claimant will not have been adequately compensated for his wrist instability, and a temporary rule is necessary, pursuant to ORS 656.726(4)(f)(D). See Shubert v. Blue Chips, 330 Or. 554, 559, 9 P.3d 114 (2000) (if the director finds that a worker suffers from an impairment that results in disability that is not addressed in the existing rules, then the director must promulgate a rule that addresses the worker's particular impairment).
We need not address whether the ARU's interpretation of the director's rule would be entitled to deference under Don't Waste Oregon Com. v. Energy Facility Siting Council, 320 Or. 132, 881 P.2d 119 (1994), because, even if that were the case, we would conclude that the ARU's interpretation is not permissible because it is inconsistent with the rule's text and context. We analyze the rule under the same principles applicable to the interpretation of statutes. Tye v. McFetridge, 342 Or. 61, 69, 149 P.3d 1111 (2006). OAR XXX-XXX-XXXX(3) provides the disability rating standards for upper extremity findings, including "[j]oint instability in the finger(s), thumb, or hand." The question is whether claimant's wrist instability is a part of his *97 hand or a part of his forearm. Only if it is a part of the hand may it be rated under OAR XXX-XXX-XXXX(3).
OAR XXX-XXX-XXXX(3) provides that "[t]he hand begins at the joints between the carpals and the metacarpals." OAR XXX-XXX-XXXX(2) provides that "[t]he forearm begins distal to the elbow joint and includes the wrist (carpal bones)." Thus, it would appear that, by definition, and contrary to the board's order and the director's implicit interpretation, the wrist (including the carpal bones) is a part of the forearm, and not the hand. There is no rule authorizing an impairment value for instability of the wrist.
There is a reference in Heusch's report to a prior chart note that mentions instability in the "distal radial-ulnar joint," which is apparently a part of the wrist and, thus, in the forearm, and not a part of the hand. Heusch himself mentioned instability in the wrist. He said that "[t]he distal left ulna is able to be subluxed volarly which indicates [claimant] does have ligamentous disruption with instability of the left wrist." The department's rule, OAR XXX-XXX-XXXX(2), expressly provides that the wrist is a part of the forearm and not the hand. Accordingly, we conclude that the board erred in determining that OAR XXX-XXX-XXXX(3) authorizes an award for instability in claimant's left wrist.
Because of the board's determination that claimant's impairment could be rated under OAR XXX-XXX-XXXX(3), the board did not reach the issue of whether the case must be remanded to the director for promulgation of a temporary rule under ORS 656.726(4)(f)(D) (2003). In view of our holding that the board erred in concluding that claimant's impairment may be rated under OAR XXX-XXX-XXXX(3), we remand the case to the board for it to address that issue in the first instance.
Board order determining that claimant's impairment for wrist instability may be rated under OAR XXX-XXX-XXXX(3) reversed; remanded to board for determination whether case must be remanded to director for promulgation of a temporary rule under ORS 656.726(4)(f)(D) (2003).
NOTES
[1] The board noted that OAR XXX-XXX-XXXX(3) defines the "hand" as "begin[ning] at the joints between the carpals and metacarpals" and "extend[ing] to the joints between the metacarpals and the phalanges." OAR XXX-XXX-XXXX(2) further provides "[t]hat the forearm begins distal to the elbow joint and includes the wrist (carpal bones)." The board noted that OAR XXX-XXX-XXXX(2) equates the "wrist" with the "carpal bones," i.e., the wrist is made up of the carpal bones. The board concluded that the rules could plausibly be understood to mean, as the ARU had implicitly determined, that the "carpals" and "carpal bones" are part of both the forearm and the hand. The board noted that the director, through the ARU, had applied the rule in such a manner and concluded that there was no reason not to defer to the director's determination that wrist instability can be rated under OAR XXX-XXX-XXXX(3).